By the Cotjbt.
 

 The act of Congress under which this application for the discharge of Mason is made, declares, “ That no person under the age of twenty-one years, shall be enlisted by any officer, without the consent in writing, of his parent, guardian or master, first had and obtained, if any he have.” There is no rule of construction under which the term
 
 parent
 
 used in this act, can be considered as extending to the father and not to the mother. It is not material to enquire how the
 
 *337
 
 mother stood at Common Law towards the son during his nonage, or to point out the difference which the principles of the feudal institutions set up between the rights and duties of the father, and those of the mother, towards the eldest son, and indeed towards all the children. This difference grew up at a time when the education of the son was purely military, and the mother was not only incompetent, but considered unworthy of' attending to it. Since civilization has been introduced, the authority of the mother over her children has been gradually extended, and she has taken an active part in their education.
 

 Congress no doubt thought, that where the father was dead, and the children without guardians or masters, they should be subject to the control of the mother, when, during their minority, attempts should be made to enlist the males in the army of the United States. We are therefore of opinion, that in this case, the mother is the
 
 “parent,”
 
 whose consent in writing was required, and her son being enlisted without such consent, that he must he discharged.